

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Sarah Devlin*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*Direct Dial: (973) 645-2740*

January 9, 2020

Kenneth K. Ho, Esq.
133-51 37th Avenue, 3rd Floor
Flushing, NY 11354

Re: Plea Agreement with Ting Xue Cr. 16-396

Dear Mr. Ho:

This letter sets forth the plea agreement between your client, Ting Xue, a/k/a "Tiffany Xue" ("Ting Xue") and the United States Attorney for the District of New Jersey ("this Office"). This agreement shall expire if a fully executed copy of the plea agreement is not received by this Office by 6:00 p.m. on Friday, January 17, 2020.

Charges

Conditioned on the understandings specified below, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from Ting Xue to a two-count Superseding Information that charges her, in Count One, with visa fraud, in violation of Title 18, United States Code, Section 1546(a); and, in Count Two, with aiding and assisting in the preparation of a false tax return for tax year 2015, in violation of Title 26, United States Code, Section 7206(2). If Ting Xue enters a guilty plea and is sentenced on these charges to a term of imprisonment of at least six (6) months and no more than twelve (12) months, under Federal Rule of Criminal Procedure 11(c)(1)(C), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Ting Xue for committing criminal activities related to immigration fraud between in or about May 2014 through in or about March 2016, committing money laundering related to the proceeds of the immigration fraud, passport fraud, and for aiding and assisting in the filing of false tax returns for tax year 2014. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, the defendant agrees that any dismissed charges and any other charges that

are not time-barred by the applicable statute of limitations on the date this agreement is signed by Ting Xue may be commenced against her, notwithstanding the expiration of the limitations period after Ting Xue signs the agreement. This plea agreement is contingent upon approval by the Department of Justice, Tax Division.

Should the Court at any time reject this plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. In the event that the Court defers a decision whether to accept the plea or the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this agreement unless the Court ultimately rejects the proposed plea. This Office will advise the Court and the United States Probation Office of information related to sentencing, and such information may be used by the Court in determining Ting Xue's sentence.

Sentencing

Count One: The violation of Title 18, United States Code, Section 1546(a) to which Ting Xue agrees to plead guilty carries a statutory maximum prison sentence of ten years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Count Two: The violation of Title 26, United States Code, Section 7206(2) to which Ting Xue agrees to plead guilty carries a statutory maximum prison sentence of 3 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Ting Xue, the sentencing judge: (1) will order Ting Xue to pay an assessment of $100 per count, pursuant to 18 U.S.C. § 3013, which must be paid by the date of sentencing; (2) may order Ting Xue to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may deny Ting Xue certain statutorily denied benefits, pursuant to 21 U.S.C. §§ 862 and 862a; (4) must order forfeiture, pursuant to 18 U.S.C. § 982; and (5) pursuant to 18 U.S.C. § 3583, may require Ting Xue to serve a term of supervised release of not more than three (3) years on Count One and not more than one (1) year on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should Ting Xue be

placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Ting Xue may be sentenced to a term of imprisonment of not more than two (2) years on Count One and not more than one (1) year on Count Two, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

This Office and Ting Xue agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence to be imposed on Ting Xue should be as follows: (i) with respect to Count One, a prison sentence of at least six (6) months but not greater than twelve (12) months; (ii) with respect to Count Two, a prison sentence of at least six (6) months, but not greater than twelve (12) months, which shall run concurrent to the term of imprisonment imposed on Count One; (iii) a special assessment of $200 ($100 per count); (iv) forfeiture as set forth in the forfeiture section of this agreement; and (v) restitution in an amount to be determined by the Court for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses. Pursuant to Rule 11(c)(1)(C), this Office and Ting Xue agree that no other sentence or fine is appropriate beside those set forth in this paragraph. If the Court accepts this plea agreement, Ting Xue must be sentenced accordingly.

Restitution

Ting Xue agrees to pay restitution to the Internal Revenue Service in the total amount of $344,096.00, pursuant to 18 U.S.C. § 3663(a)(3). Ting Xue agrees that the total amount of restitution reflected in this agreement results from Ting Xue's conduct. The total amount of restitution consists of the following:

| Tax Year and Tax Payer | Amount |
|---|---|
| 2014 Ting Xue Personal Return | $48,733 |
| 2015 Ting Xue Personal Return | $106,078 |
| 2014 U.S. Quickly Corporate Return | $64,463.00 |
| 2015 U.S. Quickly Corporate Return | $124,822.00 |
| Total: | $344,096.00 |

Ting Xue agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Ting Xue agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use

the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Ting Xue does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Ting Xue's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Ting Xue by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Ting Xue's activities and relevant conduct with respect to this case.

Forfeiture

Ting Xue agrees that as part of her acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(6)(a)(ii)(I), Ting Xue will consent to the entry of a forfeiture money judgment for the total amount of the proceeds obtained via the visa fraud offense charged in Count One of the Superseding Information, and consents to the entry of a forfeiture money judgment in that amount (the "Forfeiture Money Judgment"). Ting Xue also agrees, as part of her acceptance of responsibility, to the forfeiture of all property, real or personal, that constitutes or is derived from proceeds traceable to the visa fraud offense charged in Count One of the Superseding Information, in violation of 18 U.S.C. § 1546(a) (the "Forfeitable Property"). Ting Xue further agrees to fully cooperate with this Office in establishing a payment plan, surrendering assets, or in any other action taken by this Office to satisfy the Forfeiture Money Judgment.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of a preliminary order of forfeiture, this Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Forfeitable Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

Ting Xue represents that, to the best of her ability, she has disclosed all of her assets to the United States on the attached Financial Disclosure Statement. Ting Xue agrees that if the government determines that she has intentionally failed to disclose assets on the Financial Disclosure Statement,

that failure constitutes a material breach of this agreement. In addition, Ting Xue consents to the administrative, civil, and/or criminal forfeiture of her interests in any assets that she failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, Ting Xue knowingly and voluntarily waives her right to any required notice concerning the forfeiture of said assets. Ting Xue further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

Ting Xue further agrees to consent to the immediate entry of an order of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Ting Xue understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Ting Xue hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

<u>Stipulations</u>

This Office and Ting Xue agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. These stipulations are offered as recommendations to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in Paragraphs 1 and 2 of the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Ting Xue from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Ting Xue agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. Defendant further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, she will not challenge her conviction for any reason by any means, other than ineffective assistance of counsel, and she will not challenge or seek to modify any component of her sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence.

Immigration Consequences

The defendant understands that, if she is not a citizen of the United States, her guilty plea to the charged offenses will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible, or ending her naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future

against Ting Xue. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Ting Xue.

Prior to the date of sentencing, Ting Xue shall: (1) enter into a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment ("Form 870 Waiver") in lieu of filing returns or amended returns, for calendar years 2014 and 2015; (2) provide all appropriate documentation to the Internal Revenue Service ("IRS") in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on that Form 870 Waiver, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Ting Xue agrees to allow the contents of her IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Ting Xue. With respect to disclosure of the criminal file to the IRS, Ting Xue waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Ting Xue's tax returns and return information.

Furthermore, Ting Xue agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2014 and 2015, or for any other amounts paid in accordance with this agreement. Ting Xue agrees that the provisions set forth in the agreement concerning her obligations, including those obligations set forth under the caption "Other Provisions" of this agreement are appropriate conditions of probation or supervised release.

No provision of this agreement shall preclude Ting Xue from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Ting Xue received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Ting Xue and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: SARAH DEVLIN
Assistant U.S. Attorney

APPROVED:

ERICA LIU
Deputy Chief, Criminal Division

I have received this letter from my attorney, Kenneth K. Ho, Esq. I have read it and/or it has been translated for me in my native language. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

Ting Xue — Date: 1/17/20.

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Kenneth K. Ho, Esq. — Date: 1/17/20

I have received this letter from my attorney, Kenneth K. Ho, Esq. I have read it and/or it has been translated for me in my native language. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_______________________ Date: 1/17/20
Ting Xue

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_______________________ Date: 1/17/20
Kenneth K. Ho, Esq.

_______________________ DATE: 1/17/20
PHILIP R. KAUFMAN, ESQ

Plea Agreement With Ting Xue

Schedule A

1. This Office and Ting Xue agree to stipulate to the following facts:

a. From in or about January 2014 through in or about March 2016, Ting Xue knowingly used, attempted to use, possessed, obtained, accepted or received at least twenty-four (24) and not more than ninety-nine (99) documents proscribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing that said documents were forged, counterfeited, altered, falsely made, to have been procured by means of false claim or statement, or otherwise procured by fraud or unlawfully obtained; and

b. Ting Xue knowingly and willfully aided and assisted in the preparation of false tax returns relating to US Quickly Consulting Center, Inc., for tax years 2014 and 2015, resulting in a total tax loss of approximately $328,777.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the following sentence is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a): (i) with respect to Count One, a prison sentence of at least six (6) months but not more than twelve (12) months; (ii) with respect to Count Two, a prison sentence of at least six (6) months but not more than twelve (12) months, which shall run concurrent to the term of imprisonment imposed on Count One; (iii) a special assessment of $200 ($100 per count); (iv) forfeiture as set forth in the forfeiture section of this agreement; and (v) restitution in an amount to be determined by the Court for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses (the "Stipulated Sentence"). The parties further agree that neither party will argue for a sentence above or below the Stipulated Sentence. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea, and the parties will be returned to the status prior to entry of the plea.

4. Ting Xue knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing Court if the sentence imposed is within the range of 6 to 12 months' imprisonment. This Office will not file any appeal, motion or writ that challenges the sentence imposed by the sentencing Court if the sentence imposed is within the range of 6 to 12 months' imprisonment. Furthermore, if the sentencing court accepts the stipulations set forth in Schedule A, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.

5. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.